RECEIVED
IN LAKE CHARLES, LA

JAN 18 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| WILLIAM LAGNION | : | DOCKET NO. 05-1031 |
| VS. | : | JUDGE TRIMBLE |
| U S OIL CORP. AND DINESH A. SHUKLA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the Court is a "Rule 12(b)(6) Motion" (doc. #8) and a "Request for Oral Argument and Motion To Set Hearing Date (doc. #10) filed by defendant, Dinesh A. Shukla, wherein the mover seeks to be dismissed from this lawsuit because the Complaint fails to state a claim upon which relief can be granted.

## FACTUAL STATEMENT

A civil action was filed in the 38th District Court, Docket No. 10-14375 in Cameron Parish, Louisiana on August 26, 1996 styled *William Lagnion v. Denish A. Shukla, dba USOIL Corporation.* The action was subsequently removed to Federal Court here in the Western District of Louisiana.[1] Another civil action was filed in the United States District Court, Western District of Louisiana entitled *William Lagnion v. Dinesh Shukla, et al*[2]. On January 21, 1998, the parties reached a settlement pursuant to a Receipt and Release ("Release"). As a result of the Release, a motion to dismiss all claims with prejudice was filed and granted in both of the aforementioned civil actions. The instant civil action arises out of the alleged breach and/or default of the Release.

---

[1] See *William Lagnion v. U.S. Oil Corp.*, Docket No. 97 CV 00575 (U.S.D.C., Western District of Louisiana).

[2] Docket No. 96-02146.

## FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint when it fails to state a claim upon which relief can be granted. In considering a Rule 12(b)(6) motion, the Court must accept the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in plaintiff's favor.[3] "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . ."[4] "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[5] "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[6]

## LAW AND ANALYSIS

In his Rule 12(b)(6) motion, defendant, Dinesh A. Shukla maintains that the Complaints fail to make any allegation as to any supposed wrong doing by Shukla. He further avers that Shukla is an officer and a shareholder of USOil Corporation ("USOil"), and the Release was entered into by and between USOil and William Lagnion. Shukla argues that the Complaints fail to allege or offer any facts which would support a finding of personal liability on his part, separate and apart from USOil. Shukla denies that he is "doing business as" USOil, an allegedly validly formed Texas Corporation.

The Complaints allege that the defendants in *William Lagnion v. USOIL Corp.* and *William*

---

[3] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Fernandez-Montes v. Allied Pilots Ass'n*. 987 F.2d 278, 284 (5th Cir. 1993); *Brumberger v. Sallie Mae Servicing Corp.*, 2003 WL 1733548, *1 (E.D. La. March 28, 2003).

[4] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

[5] *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).

[6] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

*Lagnion v. Denish A. Shukla*[7] breached the Release reached by and between the parties to these two civil actions resulting in both actions being voluntarily dismissed. Plaintiff argues in his opposition brief that there was "<u>no board of directors resolution</u> only Shukla acting on his behalf, with no board member of a Corporation." Thus, he maintains that Shukla can be held personally liable, and that this Court must deny the 12(b)(6) motion.

The Court has reviewed the original and amending complaints and determined that there is technically a question as to whether Plaintiff has even named USOil Corporation as a defendant. However, assuming that USOil Corporation has been properly named, the Receipt and Release was signed on behalf of the Corporation and does not obligate Mr. Shukla personally in any way. Furthermore, the original and supplemental and amending complaints fail to allege any personal default on the part of Mr. Shukla. On the face of the pleadings and the Release made a part thereof, there is no action asserted against Mr. Shukla. Accordingly, this defendant must be dismissed.

## CONCLUSION

Based on the foregoing, the motion to dismiss Denish A. Shukla will be granted. The court further determines that oral arguments are not necessary in this matter and will deny Mr. Shukla's request for oral argument.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of January, 2006.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[7] Docket Nos. 97 CV 00575 and 96 CV 02146, respectively.

3