# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| WILLIAM LAGNION | : | DOCKET NO. 05-1031 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| DENISH A. SHUKLA, ET AL. | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Before the court is USOil Corporation's Motion for Summary Judgment [doc. # 40].[1]

On, or about January 21, 1998, William Lagnion and USOil Corp. executed a Receipt and Release wherein they agreed *inter alia* to dismiss with prejudice two suits then pending before this court: *Lagnion v. Shukla*, Civil Action Number 96-2146 (W.D. La.); and *Lagnion v. USOil Corp.*, Civil Action Number 97-0575 (W.D. La.). Motions to dismiss were duly filed in both cases, and on February 13, 1998, the cases were dismissed. *Id.*

Over seven years later, William Lagnion filed the instant suit *pro se* against Dinesh A Shukla (erroneously named Denish A. Shukla) and USOil Corporation for breach and/or default of the January 21, 1998, Receipt and Release (1st Suppl. & Amend. Compl., ¶ I). Specifically, Lagnion alleges that defendants have not plugged and abandoned two wells (B-5 and B-12) that they acknowledged responsibility for under the Receipt and Release. *Id.* at ¶¶ III-IV; Receipt and Release, Def. Exh. A.[2] As damages for the alleged breach, plaintiff apparently seeks the value of

---

[1] The above-captioned matter has been referred to the undersigned for the conduct of all further proceedings and the entry of judgment. 28 U.S.C. § 636(c).

[2] On January 18, 2006, Shukla was dismissed pursuant to Fed.R.Civ.P. 12(b)(6). *See*, January 18, 2006, Memorandum Ruling & Judgment.

the claims that he had asserted in the 1996 and 1997 lawsuits. *Id.* at ¶ V.

On April 18, 2006, the sole remaining defendant, USOil Corporation filed the instant motion for summary judgment seeking dismissal of plaintiff's claims in their entirety. Following a delay for additional briefing, the matter is now before the court.

## Summary Judgment Principles

Summary judgment is proper if the movant demonstrates that "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790 (5th Cir. 1992). "In order to defeat a properly supported motion for summary judgment, the nonmoving party must direct the court's attention to admissible evidence in the record which demonstrates that it can satisfy a "fair-minded jury"[3] that it is entitled to a verdict in its favor." *ContiCommodity Services, Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995)(citing, *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257 (5th Cir. 1991)).

In response to a properly supported motion for summary judgment, the non-movant, may not rest upon the mere allegations or denials contained in her pleadings, but instead must set forth, by affidavit or otherwise, the specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). In other words, once the moving party points to an absence of evidence in the nonmoving party's case, the nonmovant must come forward with summary judgment evidence sufficient, such that if introduced at trial, it would suffice to prevent a directed verdict against the nonmovant. *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995).

---

[3] Albeit, in this case which is to be tried as a bench trial, the fact-finder would be the undersigned.

Discussion

The present dispute centers upon the following language contained in the 1998 Receipt and Release signed by the parties: "[w]ith respect to wells drilled or re-entered on property of the Lacassane Company, the responsibility for plugging and abandonment of such wells, *if any, as between the Parties*, shall be with US Oil Corp., . . ." (Receipt and Release, Def. Exh. A)(emphasis added). USOil contends that the Receipt and Release did not create any obligation owed directly to Lagnion to plug and abandon wells. Applying Louisiana Civil Code articles on contract interpretation (Articles 2045-2057), we agree. The plain language of the agreement states that the responsibility *if any* as between the parties lies with USOil. By using the words "if any" the parties clearly acknowledged that they might not be required to plug and abandon the wells at all. However, if they were held responsible, then as between USOil and Lagnion, USOil enjoyed ultimate responsibility for plugging and abandonment.

There are two wells at issue here, B-5 and B-12. With respect to the former, USOil has acknowledged that it is "ultimately responsible for the plug and abandonment cost associated with the B-5 Well." (Def. Memo., pg. 11). USOil further admitted that it was prepared to compensate Lagnion for his reasonable and actual expenses incurred in plugging and abandoning the B-5 Well. *Id*.[4] In other words, USOil is complying with the terms of the parties' agreement.

As to the B-12 well, plaintiff alludes to the *possibility* that the Commissioner of Conservation will plug and abandon the B-12 well at taxpayer expense, and then seek reimbursement from USOil. (Pl. 1st Suppl. Memo., pg. 2). Of course, this argument is entirely speculative. Moreover, there is no evidence that anyone is obligated to plug and abandon the B-12

---

[4] Recovery for these costs is at issue in a related case now pending before Judge Doherty, *Lagnion v. USOil Corporation*, Civil Action Number 04-0711 (W.D. La.).

well at this time. As such, Lagnion cannot complain that USOil has breached its acknowledgment in the Receipt and Release that as between the two parties, USOil remained ultimately responsible for the duty, if any, to plug and abandon the B-12 well.

In sum, there is no evidence that USOil breached, or defaulted on its acknowledgment of responsibility as set forth in the Receipt and Release.

In its First Supplemental and Amending Answer and Counterclaim, USOil included a counterclaim against Lagnion for recovery of $ 15,000 that it paid to plaintiff pursuant to the terms of the Receipt and Release. (1st Suppl. and Amend. Ans. and Counterclaim, ¶¶ VI-XII). However, the counterclaim was conditioned upon a finding that defendant breached the Receipt and Release agreement. *Id*. at ¶ XII. Having found no merit to plaintiff's claims for breach and/or default, the condition precedent to USOil's counterclaim is lacking and recovery thereunder is precluded.

For the foregoing reasons, we find that there are no genuine issues as to any material fact and that USOil Corporation is entitled to judgment as a matter of law, dismissing with prejudice plaintiff's claims. Fed.R.Civ.P. 56. Accordingly,

USOil Corporation's motion for summary judgment [doc. # 40] is hereby GRANTED.

USOil's counterclaim will be DISMISSED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of June, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE